# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:15-CR-36-TLS |
| | ) | (CAUSE NO.: 1:18-CV-127) |
| RONDAY L. TINKER | ) | |

## OPINION AND ORDER

The Defendant, Ronday L. Tinker, is serving an 84-month term of imprisonment after being charged with, and pleading guilty to, one count of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). This matter is before the Court on his Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody [ECF No. 73], and on the Government's Opposition to Defendant's Motion to Vacate [ECF No. 75].

The Defendant maintains that his sentence should be reduced to 57 months because his trial counsel was ineffective "when he failed to support my argument to discredit a 4-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) with obtainable Seventh Circuit case law in my sentencing Brief that warrants a non-enhancement to petitioner's sentence." (Mot. 2–3.) In essence, he claims that the proper case law would have convinced the Court that it could not rely on his possession of Spice and marijuana to conclude that he engaged in another felony because Spice is not a scheduled drug, and the amount of marijuana was a misdemeanor quantity.

For the reasons stated in this Opinion and Order, the Court finds that the files and records of the case conclusively show that the Defendant is not entitled to habeas relief.

## DISCUSSION

**A. Habeas Standard of Review**

Section 2255 allows a person convicted of a federal crime to seek to vacate, set aside, or correct his sentence. This relief is available only in limited circumstances, such as where an error is of jurisdictional or constitutional magnitude, or where there has been an error of law that "constitutes a fundamental defect which results in a complete miscarriage of justice." *See Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004). Motions to vacate a conviction or correct a sentence ask a court to grant an extraordinary remedy to a person who has already had an opportunity of full process. *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006). A motion under § 2255 "is neither a recapitulation of nor a substitute for a direct appeal." *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995). A court may deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

In seeking to prove that his counsel rendered ineffective assistance, as the Defendant does here, he "bears a heavy burden." *Jones v. Page*, 76 F.3d 831, 840 (7th Cir. 1996) (citation omitted). To establish ineffective assistance of counsel, a defendant must show that: (1) his attorney's performance "fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984); and (2) there is a reasonable probability that "but for counsel's unprofessional errors the result of the proceeding would have been different," *id.* at 694. "A failure to establish either prong results in a denial of the ineffective assistance of counsel claim." *Rastafari v. Anderson*, 278 F.3d 673, 688 (7th Cir. 2002) (citation omitted).

The performance prong requires the defendant to specifically identify acts or omissions

that form the basis of his claim of ineffective assistance. *Strickland*, 466 U.S. at 690. Based on the totality of the circumstances, the court must then determine whether the identified acts and omissions fall outside the range of professionally competent assistance. *Id.* In assessing whether counsel's deficiency caused prejudice, the question is whether it is "reasonably likely" that the outcome would have been different. *Harrington v. Richter*, 562 U.S. 86, 111 (2011) (quoting *Strickland*, 466 U.S. at 696). "The likelihood of a different result must be substantial, not just conceivable." *Id.* (citing *Strickland*, 466 U.S. at 693).

**B.     The Defendant's Claims Regarding the Sentencing Enhancement**

The calculation of the Defendant's Guideline sentence in the Presentence Investigation Report (PSR) included a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B), which applies if a defendant convicted of an offense involving the unlawful possession of a firearm "used or possessed any firearm or ammunition in connection with another felony offense." The Defendant, through counsel, lodged an objection to the PSR's application of the enhancement. Defense counsel asserted that there was not sufficient evidence to support the enhancement unless the Court credited the statements of a particular witness, L.B. He also argued that the quantity of drugs was not felony level. The Court conducted an evidentiary hearing.

In resolving the objection, the Court concluded that L.B. was a credible witness based on her demeanor at the evidentiary hearing, and because her testimony was consistent with other evidence presented. In particular, the Defendant was recorded telling L.B. over the phone to "flush everything and get the straps out of the house" because the officers were coming to search the house. Officers at the Defendant's residence then observed L.B. placing a semi-automatic

3

rifle and a 9mm handgun in the trunk of a car. Officers detained the vehicle before it could flee.

The Court also noted that, even if L.B.'s testimony was disregarded, the physical evidence was sufficient to support the enhancement. Just before the officers executed the search warrant for the Defendant's residence, officers saw the Defendant leaving his residence and stopped him. The officers discovered a baggie down the front of his pants that contained 7 grams of Spice. The Defendant was also carrying $4,421 in U.S. currency, but was unemployed. The officers then executed the search warrant at the Defendant's residence and located drug paraphernalia, 5.7 grams of Spice, ammunition, and a scale. The presence of these items on the Defendant's person and in his residence would support Dealing in a Synthetic Drug or Synthetic Drug Lookalike Substances, Ind. Code § 35-48-4-10.5(c)–(e) (stating that it is a Level 6 felony for a person to possess with intent to deliver more than 5 grams of a synthetic drug or synthetic drug lookalike substance, provided that there is more evidence than just the weight of the substance).

In addition to the physical evidence that supported Dealing in a Synthetic Drug or Synthetic Drug Lookalike Substances, L.B. testified that she lived in the residence with the Defendant beginning in March 2015, and they both sold marijuana and Spice out of the house every day for three months until the Defendant's arrest in June 2015. Further, L.B. testified that she and the Defendant used two scales to measure drugs for the sales. L.B. also testified that in response to the Defendant's instructions, she flushed two to three bags of marijuana and Spice down the toilet–totaling a couple grams–and she knew that the bags contained these substances due to her familiarity with them. The Court found that these additional facts presented through L.B.'s testimony, in addition to the physical evidence found on the Defendant and in the

4

residence, supported the felony offense of Maintaining Drug-Involved Premises, 21 U.S.C. § 856.

The Defendant does not specifically address the district court's findings of fact or conclusions of law, or indicate what counsel could have done differently to challenge the Court's findings and conclusions, except to note the Seventh Circuit's opinion in *United States v. Gates*, 845 F.3d 310 (7th Cir. 2016). According to the Defendant, his counsel should have cited this precedent. The Defendant was sentenced in September 2016. *Gates* was decided months later, in January 2017. In any event, *Gates* would not have helped the Defendant. Although the *Gates* case has an outcome the Defendant considers favorable, it is distinguishable on its facts. In *Gates*, the court increased the defendant's guideline range by four levels, pursuant to U.S.S.G. § 2K2.1(b)(6)(B), for possessing the firearm in connection with another felony offense, namely the distribution of an illegal drug. 845 F.3d at 311. The alleged drug transactions involved a person who did not have enough cash to pay for the synthetic marijuana he had just purchased, so he offered to provide the defendant his firearm as collateral pending full payment for the drugs. *Id.* The defendant then sold the gun for cash to satisfy the debt, leading to his federal gun charges. *Id.* The court held that, in these circumstances, the gun did not facilitate the sale of the drugs. *Id.* at 311–12 (noting the absence of any evidence that "had it not been for the collateral the defendant would have cancelled his transaction with the buyer"). Additionally, there was no evidence in the record that the synthetic marijuana that the defendant sold had been added to the schedule of controlled substances and, thus, classified as illegal. *Id.* at 312.

Notably, this case involves not only Spice, but marijuana also, which is undisputably a schedule I controlled substance. Additionally, the Court also identified the felony offenses of

Dealing in a Synthetic Drug or Synthetic Drug Lookalike Substances and of Maintaining a Drug-Involved Premises, neither of which were mentioned in *Gates*. For sentencing purposes, the Court found that the firearms facilitated these offenses because the evidence showed that the Defendant kept the weapons in his living room couch in readily accessible positions. He kept the semi-automatic rifle under one of the couch's cushions and he kept the 9 mm handgun between the arm of the couch and a cushion. According to L.B., the Defendant told her to use these firearms if she had to. These findings place the Defendant's case outside the decision in *Gates*.

The Defendant also cites *United States v. Szakacs*, 212 F.3d 344 (7th Cir. 1999), as a case that supported his objection, and about which trial counsel should have known. In *Szakacs*, the court determined that the state offense of conspiracy to commit burglary, committed simultaneously with the charged federal offense of conspiracy to steal firearms from a federally licensed dealer, did not qualify as "another felony offense" for purposes of the § 2K2.1(b)(6) enhancement. 212 F.3d at 351 (holding that a state offense that occurs contemporaneously with the convicted federal offense cannot count as "another felony offense" for purposes of § 2K2.1(b)(6) unless the offense is "separated in time or by a distinction of conduct"). This holding has no application to the Defendant's case. The drug offenses upon which the enhancement was based is not "essentially the same crime," *id.* at 349, as the firearm offense.[1] Rather, the drug offenses are separated by a distinction of conduct from the firearm offense.

Based on the foregoing, the Defendant has not shown that his counsel was deficient. His submissions also fail to establish the prejudice prong. Not only did the Seventh Circuit uphold

---

[1] Moreover, if this case had actually involved a burglary liked in the *Szakacs* case, amendments that were made to the Guidelines in 2006 would have governed whether the enhancement applied, not *Szakacs*. *See United States v. Krumweide*, 599 F.3d 785, 790 (7th Cir. 2010) (noting that sentencing court correctly applied the enhancement in accordance with the amendment, rather than relying on *Szakacs*).

application of the enhancement in this case, but the Court, at the time of sentencing, stated "that it would have imposed the same sentence with or without the enhancement, because Mr. Tinker's other felony drug offenses deem his offense conduct significant regardless of its effect on the guideline calculation." (Plea Hr'g Tr. 15.) Accordingly, there is no reason to believe that the Defendant would have been sentenced to fewer months of imprisonment had trial counsel cited the cases identified in the Defendant's Motion.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). Where the district court has rejected the constitutional claim on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. A defendant is not required to show that he will ultimately succeed on appeal. *Miller-El v. Cockrell*, 537 U.S. 322, 337, 342 (2003) (stating that the question is the "debatability of the

7

underlying constitutional claim, not the resolution of that debate").

Rule 11(a) permits a district court to direct the parties to submit arguments on whether a certificate of appealability should issue. Additional argument is not necessary here because no reasonable jurist could conclude that the Court's assessment of the Sixth Amendment claim regarding counsel's assistance during sentencing was debatable or wrong. The Court will not issue the Defendant a certificate of appealability.

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's Motion to Vacate [ECF No. 73], and declines to issue a certificate of appealability.

SO ORDERED on August 13, 2018.

                                                 s/ Theresa L. Springmann
                                                CHIEF JUDGE THERESA L. SPRINGMANN
                                                UNITED STATES DISTRICT COURT